UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEITH M. CASSELLS,

    Plaintiff,

v.

NADINE N. VILLA, et al.,

    Defendants.

No. 2:18-cv-2457 JAM DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights have been violated because he has not been found suitable for parole. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his complaint for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

The events giving rise to plaintiff's claim occurred in Sacramento, California. (ECF No. 1 at 1.) Plaintiff names as defendants: (1) Nadine Villa; (2) John Garcia; (3) Nina Starr; (4) Vijay Desai; (5) Terry Fowler; and (6) Rhoda Skipper-Dotta. (ECF No. 1 at 1-2.)

Plaintiff alleges a "conspiracy to violate his rights by [a] state employee through retaliation." (ECF No. 1 at 6.) Plaintiff states he pled guilty to two counts of robbery in 1998.

3

He alleges the victim, Nadine Villa, works or worked for the California Department of Corrections and Rehabilitation. After he was sentenced he was called back to court so that Villa could make an official statement. Villa said that she hated plaintiff and hoped that "some hairy lifer who hadn't had a woman in a long time – made me piss my pants." Plaintiff claims this statement "set in motion" two assaults, the use of excessive force against him, and the conspiracy, "by Villa's colleagues," to violate his early release through perjury, false claims, charges, and false documentation.

Plaintiff claims Terry Fowler falsely stated that on March 22, 2015, that plaintiff committed a battery on another inmate. (ECF No. 1 at 7.) He also states that a registered victim sent a letter requesting plaintiff not be released on parole, even though there is no registered victim in this case. In 2016, Desai, referred to Villa, and stated plaintiff committed crimes plaintiff claims did not occur. He further states that in 2017, Starr admitted plaintiff was non-violent, but stipulated that he posed a risk of violence. In 2018, Garcia put a weapons charge on plaintiff and said plaintiff hurt someone, which was contrary to fact and law of the case. He states Skipper-Dotta, "reviewed and concurred with defendants."

Plaintiff claims his due process rights were violated through false statements, documentation, and perjury. He claims each defendant has participated in the conspiracy to keep him incarcerated. (ECF No. 1 at 8.) Plaintiff alleges he qualifies as a non-violent determinately sentenced prisoner, under Proposition 57 and he has been eligible for early release since 2002. However, the process did not commence until 2015.

He also claims he has been discriminated against in violation of the ADA. (ECF No. 1 at 9.) Plaintiff claims he has been "totally medically disabled" since 2002. He claims that receives good-time/work-time participation credits that should reduce his sentence even though he is not able to work. Garcia stated that plaintiff has not participated in work, trade, or education since 2002. Garcia stated that plaintiff's lack of participation weighed against him in Garcia's evaluation of plaintiff for early release.

Plaintiff seeks an order from the court directing prison officials to release him from custody. (ECF No. 1 at 12.)

**III.    Does Plaintiff State a Claim under § 1983?**

    **A.  A Section 1983 Lawsuit Cannot Challenge Fact or Duration of Confinement**

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a [civil rights] complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004). Claims falling within the "core" of habeas are those that would "necessarily lead to [the petitioner's] immediate or earlier release from confinement"' all other claims must be brought in a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016) (en banc).

To the extent plaintiff seeks to challenge the fact or duration of his sentence, his sole federal remedy is a writ of habeas corpus, and a lawsuit under 42 U.S.C. § 1983 is inappropriate. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1989) ("Where prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus."). Plaintiff may not pursue an order directing his release from custody through a §1983 action.

The United States Supreme Court severely limited federal court review of state parole board hearings in Swarthout v. Cooke, 562 U.S. 216 (2011). The Court acknowledged that California law creates a liberty interest in parole protected by the Due Process Clause, which is reasonable and requires fair procedures. Id. at 219-20. Due process is satisfied where an inmate "is allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Swarthout, 562 U.S. at 220 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Swarthout bars any challenge to the sufficiency of the evidence to support the Board's decision. See Roberts v. Hartley, 640 F.3d at 1046 (it "makes no difference that [the petitioner] may have been subjected to a misapplication of California's 'some evidence' standard. A state's misapplication of its own laws does not provide a basis for granting" relief.); Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or

////

whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cooke").

There are no allegations contained in the complaint to indicate that plaintiff was not provided with the minimum procedural protections outlined in Swarthout in any of his parole hearings. Plaintiff's allegations that BPH commissioners and deputy commissioners improperly denied him parole, are not cognizable under § 1983 because they assert only a violation or misinterpretation of state law. Section 1983 provides a remedy only for violation of the Constitution or law or treaties of the United States. Swarthout v. Cooke, 562 U.S. 216, 222 (2011) (the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts). "To the extent that the violation of a state law amounts to the deprivation of a state created liberty interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

Plaintiff further claims his rights were violated because the commissioners relied on false evidence. However, such a claim is also not cognizable. See Herrera v. Long, No. 1:16-cv-0091 MJS HC, 2016 WL 282701, at *2 (E.D. Cal. Jan. 25, 2016) (Board's reliance on "false" evidence does not state a claim so long as plaintiff had a "right to access his records in advance and to speak at the parole hearing to contest the evidence presented."). Accordingly, plaintiff has failed to allege sufficient facts to show that his rights were violated when he was found unsuitable for parole.

**B. Some Defendants are Immune**

Several of the defendants named in the complaint are identified by plaintiff as commissioners for the Board of Parole Hearings ("BPH").

BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages

liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.), cert. denied, 454 U.S. 1102 (1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Board's decision-making authority, e.g., in performing investigatory or law enforcement functions).

Because parole board officials are entitled to absolute immunity when rendering a parole decision, Sellers, 641 F.2d at 1302, plaintiff fails to state a cognizable claim against the defendants identified as parole board commissioners and deputy commissioners.

### C. Conspiracy

Plaintiff alleges that the named defendants participated in a conspiracy to deny his release on parole.

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Pnahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

"Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

Here, plaintiff concludes that the defendants conspired because the victim of a crime he pled guilty to worked, at some point, for the same state agency as the defendants. Such allegations are insufficient to show a conspiracy. To state a claim, plaintiff must plead facts showing which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

### D. Under Color of State Law

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or law of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." Long v. County of L.A., 442 F.3d 1178, 1185 (9th Cir. 2006) (citing West v. Atkins, 487 U.S. 42, 48 (1988)); accord Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988) ("To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiff's of rights secured by the Constitution or federal statutes" (citations omitted).).

Generally, state employees exercising responsibilities pursuant to state law act under color of state law. West, 487 U.S. at 50. To determine whether a private actor acts under color of state law, the court evaluates whether the alleged infringement of federal rights is "fairly attributable" to the government even though committed by private actors. Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).

Plaintiff claims Villa violated his rights when she testified in court. However, even though plaintiff has alleged Villa is or was a state employee, she was not acting in her capacity as a state employee when she testified in court. Accordingly, plaintiff's claim against Villa fails because she was not acting under color of state law when plaintiff alleges she violated his rights.

### AMENDING THE COMPLAINT

As set forth above, plaintiff has failed to state a cognizable claim. However, he will be given the opportunity to amend.

////

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. The Clerk of the Court is directed to send plaintiff a civil rights complaint form.
6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 29, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Right/cass2457.scrn